REQUEST FOR ANSWERS TO QUESTIONS CONCERNING
THE JUDICIAL SYSTEM
1925

---

RESOLUTION No. 20

A JOINT RESOLUTION OF THE GENERAL ASSEMBLY ASKING FOR A CONSTRUCTION BY THE HONORABLE, THE SUPREME COURT OF NORTH CAROLINA, OF SECTION 11, ARTICLE IV, OF THE CONSTITUTION OF NORTH CAROLINA RELATIVE TO SPECIAL JUDGES, AND OF SENATE BILL No. 12, SENATE BILL No. 165, SENATE BILL No. 183, AND OF HOUSE BILL No. 104.

WHEREAS, an increase in the business of the Superior Courts of North Carolina has brought about a condition of congestion both in the civil and criminal courts of said Superior Courts; and

WHEREAS, it is the desire of the General Assembly to provide increased court facilities, and that said facilities shall be provided in a manner consistent with the Constitution of North Carolina; and

WHEREAS, article four, section eleven, of the Constitution of North Carolina was amended in one thousand nine hundred and fifteen to read as follows: "and the General Assembly may by general laws provide for the selection of special or emergency judges to hold the Superior Courts of any county or district when the judge assigned thereby, by reason of sickness, disability or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same. Such special or emergency judges shall have the power and authority of regular judges of the Superior Courts, in the courts which they are so appointed to hold; and the General Assembly shall provide for their reasonable compensation"; and

WHEREAS, there have been introduced in the Senate and in the House certain bills designed to relieve the congestion of the civil and criminal dockets: Therefore, be it

*Resolved by the House of Representatives, the Senate concurring:*

SECTION 1. That the General Assembly respectfully asks a construction by the honorable, the Supreme Court of North Carolina, of that part of section eleven, and section ten, article four of the Constitution of North Carolina, hereinbefore set as to the following points:

(a) Whether weeks of court in excess of fifty-two, the maximum number to be held by the regular judge, can be provided and special judges designated to hold such additional terms of courts.

(b) Whether or not when necessity demands concurrent terms of two or more divisions of the Superior Court can be held in any one county by a special judge provided for in section eleven, article four, of the Constitution.

(c) If special judges under the Constitution can be designated to hold regular terms of court in any of the districts or counties, how far would such special judges be controlled by section eleven, article four of the Constitution, which provides that no judge shall hold courts in the same district oftener than once in four years.

(d) Whether or not article four, section twenty-three, of the Constitution requires the selection of a solicitor in each district, circuit or other subdivisions of the State.

(e) Whether additional districts may be created under article four, section ten, of the Constitution by further divisions of the State and grouping therein the counties of the State without interference with the judicial districts now existing, the said new districts not being identical with any of the old.

(f) Can the General Assembly fix and set terms of court in a judicial district in conflict with other terms, or direct the Governor to fix and

set them of at least forty weeks, and direct the Governor to appoint a special or emergency judge to hold them.

SEC. 2. Whether or not Senate bill number twelve, Senate bill number one hundred and sixty-five, Senate bill number one hundred and eighty-three, and House bill number one hundred and four, or any part of them, are in violation of the Constitution of North Carolina.

SEC. 3. This act shall be in force from and after its ratification.

Ratified this the 31st day of January, A.D. 1925.

—Public Laws, 1925, pp. 607-609.

This Joint Resolution was not the subject of formal response, as the Resolution was later withdrawn. See opinion of STACY, C. J., 196 N. C., 829.